

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–0123-10

### CHRIS JOSHUA MEADOUX, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

**MEYERS, J., filed a dissenting opinion in which JOHNSON, J., joined.**

### <u>DISSENTING OPINION</u>

When the Supreme Court said, in *Roper v. Simmons*, 543 U.S. 551 (2005), that the Eighth Amendment forbids the execution of anyone under the age of 18, Texas commuted the sentences of juveniles on death row to life in prison. Shortly thereafter, the Legislature amended the Capital Felony section of the Penal Code and instituted life without parole for offenses committed on or after September 1, 2005. However, effective September 1, 2009, the Legislature added a provision to that section stating that juveniles

found guilty of a capital felony shall receive a life sentence rather than life without parole. *See* TEX. PENAL CODE § 12.31(a). Because Appellant's offense occurred in 2007, he is stuck in the period between the commutation of death sentences to life that occurred in 2005 and the Texas Legislature's decision to prohibit life without parole for offenses committed by juveniles on or after September 1, 2009. This is similar to what occurred after *Penry v. Lynaugh*, 492 U.S. 302 (1989) (*Penry I*), where the Supreme Court held that the jury instructions at the punishment hearing did not provide for consideration of mitigating evidence, but the Texas Legislature did not add the mitigation special issue to Code of Criminal Procedure Article 37.071 until 1993. In that situation, we allowed new punishment hearings, with the proper instructions, for those whose trial occurred between *Penry I*'s 1989 holding that the jury did not have an adequate vehicle to give effect to mitigating evidence and the Legislature's 1993 change to the statute. Here we should conclude that juveniles who were sentenced to life without parole between 2005 and 2009 should be given a new punishment hearing.

Considering that juveniles who were previously on death row, who were found by a jury to be a future danger, and who were sentenced to death had their sentences commuted and now have a chance of parole, it's ridiculous to say that a juvenile who was not even eligible for the death penalty should have received a sentence of life without parole. The fact that Texas commuted the sentences of juveniles on death row to life, rather than life without parole, and that our Legislature subsequently determined that life

without parole is inappropriate for juvenile offenders indicates that the sentence in

Appellant's case is unreasonably harsh.  Therefore, I respectfully dissent.


Meyers, J.


Filed: November 17, 2010

Publish